IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, #197053, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-CV-313-WKW |
| ) | [WO] |
| ) | |
| LT. INOLOR, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Dedric Jamar Dean, an indigent state inmate and frequent federal litigant. In the instant complaint, Dean presents claims challenging actions which occurred at the Ventress Correctional Facility in April and May of 2017. Doc. 1 at 3.[1]

Pursuant to the orders of this court, the defendants filed a special report and supplement to this report supported by relevant evidentiary materials, including affidavits, prison reports and medical records, in which they address the claims for relief presented by Dean. The defendants maintain that these documents demonstrate they did not act in violation of Dean's constitutional rights.

In light of the foregoing, the court issued an order directing Dean to file a response to the defendants' written reports. Doc. 23. The order advised Dean that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims**

---

[1] Dean is now incarcerated at the Limestone Correctional Facility.

**set forth in the complaint and as a failure to prosecute this action**." Doc. 23 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 23 at 1 (emphasis in original). After multiple extensions from the court, the time allotted Dean for filing a response in compliance with this order expired on January 18, 2018. Doc. 28. The court also permitted Dean additional time outside the stated deadline to file a response. Despite the foregoing, Dean has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action at this time. Specifically, Dean is indigent. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Furthermore, Dean's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which at this juncture are not disputed by the plaintiff, indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Dean's compliance would be unavailing. Consequently, the court concludes that Dean's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of

courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **March 19, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 5th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge